IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO GUTIERREZ,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>R. GROUNDS, Warden,<br><br>　　　　　Respondent. | No. C 10-0863 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges the decision by the California Board of Parole Hearings ("Board") to deny him parole in 2006. Respondent has filed an answer, and Petitioner has filed a traverse.

## DISCUSSION

Petitioner claims that the denial of parole violated his right to due process because there was no evidence of his current dangerousness. The United States Supreme Court has recently held that a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was

denied. *Id.* at 862.  The transcript of the parole hearing shows that Petitioner received an opportunity to be heard and a statement of the reasons parole was denied.  The Constitution does not require more.  *Id.*  The Court in *Swarthout* explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Id.*  It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863.   In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, Petitioner's claim that the Board's decision was not supported by any evidence fails to state a viable basis for federal habeas relief.

Petitioner also claims that the Board's decision to not hold an additional hearing for three more years violated his Eighth Amendment right to be free from cruel and unusual punishment.   Petitioner's argument is without merit.  The Eighth Amendment does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are "grossly disproportionate to the crime." *Ewing v. California*, 538 U.S. 11, 23 (2003).  Petitioner committed murder.  Extending his sentence by three years or even to a term of life for the crime of murder is not disproportionate to the crime committed.  *Cf. Ewing v. California*, 538 U.S. 11 (2003) (sentence of 25 years to life for grand theft did not violate Eighth Amendment's prohibition against cruel and unusual punishment); *Harmelin v. Michigan*, 501 U.S. 957 (1991) (life sentence for cocaine possession does not violate Eighth Amendment because not "grossly disproportionate" to crime); *Hutto v. Davis*, 454 U.S. 370 (1982) (rejecting an Eighth Amendment challenge to a prison term of 40 years and a fine of $20,000 for possession and distribution of approximately nine ounces of marijuana).  The state courts' rejection of Petitioner's argument was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

Petitioner also claims that the Board's decision, pursuant to California Proposition

2

9, to hold the next hearing three years later violates the Ex Post Facto Clause of United States Constitution. The United States Supreme Court has rejected this claim. *California Dep't of Corrections v. Morales*, 514 U.S. 499, 507-14 (1995) (extending the period from one to three years between parole hearings for prisoners who committed their crimes before the extension was enacted does not violate the Ex Post Facto Clause because it "creates only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes").

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: September 20, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO GUTIERREZ, | Case Number: CV10-00863 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| R GROUNDS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfonso Gutierrez
D-27610/ED-076-Low
P.O. Box 689
Soledad, CA 93960-0689

Dated: September 20, 2011

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk